Edward J. Greenfield, J.
In this article 78 proceeding petitioner seeks to annul a determination by the respondent, revoking his license to operate a newsstand at a designated corner. The newsstand in question is at the southwest corner of 7th Avenue and 42nd Street, the so-called “ Crossroads of the World ”, and has been located there since 1919, a period of more than 53 years. In September of 1972, the Office of Midtown Planning notified the Department of Consumer Affairs that the newsstand was impeding pedestrian traffic during rush hours. The Department of Consumer Affairs requested the Department of Highways to inspect the location. The Department of Highways replied: “ The present stand on West 42nd Street, has an eleven foot clear sidewalk, between the stand and the curb. This space is normally acceptable, but a[t] peak pedestrian traffic, the passageway becomes inadequate.” The Department of Consumer Affairs suggested a relocation of the newsstand which petitioner refused. Thereafter, violations were placed on the premises, alleging that the newsstand was oversized and that it obstructed traffic. At a departmental hearing on the violations, testimony was adduced that there, were five *298 inspections of the newsstand by three different witnesses. One., was a Department of Consumer Affairs inspector, who made one short visit at 5:00 p.m. ; another was a Department of Highways engineer, who made three observations of1 30 seconds each by passing the premises in an automobile; and the third was a Department of Highways inspector, who viewed the premises during nonrush hours and found no objection to the newsstand. Petitioner adduced as an expert a professor of transportation and planning, who made a pedestrian traffic count at eight different time periods on one working day. He found that a peak traffic there were 11.3 pedestrians per foot width of sidewalk per minute. He testified further that recognized criteria as to the adequacy of pedestrian facilities varied from 25 pedestrians per foot width per minute for the Hew York City Transit Authority to '28 pedestrians per foot width per minute for the Chicago Transit System and 27 pedestrians per foot width per minute for London. All witnesses agreed that there were some pedestrians who move along the curb, although there were differences of opinion as to whether this was occasioned by the crowding of the sidewalk or for other reasons. While there is some recital about the intersection at 7th Avenue and 42nd Street having had a number of accidents, •there was asbolutely nothing in the record that the accidents were occasioned by pedestrians being forced off the southwest curb.
The other alleged violation was that the newsstand exceeded the maximum size of 50 .square feet permitted under section B32-64.0 of the Administrative Code. Significantly, the newsstand had operated since 1919 when the Administrative Code called for even smaller dimensions. The facts indicate that the newsstand booth is 6 feet by 5 feet, or 30 square feet and there is a magazine rack 4 feet by 2 feet. There is also a two-foot space between the newsstand and the magazine rack, where a door opens out and sometimes the space between the booth and the rack is piled with papers. The entire area of both the booth and the rack is covered by a continuous roof 12 feet by 5 feet, or 60 square feet. It is upon this basis that'respondent contends the booth is oversized. What is significant for the pur-. pose of determining whether there is an impediment of free flow pedestrian traffic is the amount of ground space that is occupied by the booth, and this clearly is less than 50 square feet. The overhanging roof does not impede pedestrian traffic in any way.
*299 When a business has been in continuous operation without complaint fox a period of 53 years, more than casual observation should be the basis for a denial of license or a change of location which might destroy a person’s livelihood. While petitioner has no prescriptive right to the continued renewal of his license, when the grounds for the refusal to renew that license appear to be comparatively insubstantial, it may fairly be said that the determination is arbitrary and capricious. Accordingly, the petition to revoke the prior determination by the respondent is granted.